## Garner, Police Judge, v. Shouse.

Dec. 19, 1941.

William A. Young for appellant.

Stanley Trent for appellee.

OPINION BY JUDGE THOMAS—Granting motion.

This is an original action filed in this court by petitioner against respondent, who is the Judge of the Police Court of the city of Lawrenceburg, Kentucky. The petitioner seeks certain orders from this court, both mandatory and prohibitive against respondent in pursuing alleged wrongful illegal and invalid proceedings as judge of his court in the investigation and disposition of

an alleged prosecution against petitioner pending in respondent's court, wherein petitioner is charged with operating an automobile on the public highway while in an intoxicated condition. For the purposes of this motion the respective contentions of the parties need not be further particularized, since the only question now to be determined on this motion is one of practice in this court, and which is, the manner of proving contested issues of fact, made by the pleadings and necessary to be determined by this court in arriving at a correct judgment.

The section of the Constitution conferring original jurisdiction on this court (110) does not prescribe any method or rule of practice that shall be followed in hearing such applications, nor have we found any statute so prescribing. It is true that chapter XII of our Civil Code of Practice, beginning with Section 474 and closing with Section 479, outlines the practice to be followed in securing writs of mandamus and prohibition, but it is confined to practice in circuit courts and has no relation to practice in the Court of Appeals in the exercise of its jurisdiction conferred by the section of the Constitution, supra. Therefore, the method by which contested facts may be proven or disproven before this court in such proceedings has not been outlined by any constitutional or statutory regulation. In such event it is clear that this court possesses the right and authority to promulgate such rules of practice as it sees proper in the trial of such cases. It has, therefore, promulgated rule XII which appears in each publication of the Docket of this Court, the first paragraph of which says: "If the parties to a proceeding, instituted in this Court for the purpose of obtaining a writ of prohibition or mandamus, desire to take evidence to be heard on the trial in support of or against the application, the evidence will be by depositions taken upon notice as provided by the Civil Code of Practice, or by affidavits if the parties so agree; but no oral evidence will be heard by the Court."

Of course, that rule is subject to modification at any time by this court, and under such power it would, no doubt, have the right to hear oral evidence in open court in the court room at Frankfort if the case was one of such a nature as it concluded that the evidence should be so introduced. Also, by the express provision of the rule as made we could consider ex parte affidavits in sup-

port or denial of contested factual issues, provided the parties agreed for the proof to be introduced in such manner, but not otherwise. But in no event would this court be authorized to adopt or enforce such a wide departure from the firmly settled and deeply rooted principle in the law giving each litigant the right to be present and to cross examine witnesses in the development of contested facts, which right is entirely disregarded and set aside when ex parte affidavits are permitted to be introduced as evidence, unless agreed and consented to by the litigant or litigants to be affected. It follows that the motion of petitioner to strike from this record the affidavits filed by respondent as exhibits to his response, and to be relied on as evidence, should be and it is sustained.

This case has been pending in this court for what might be termed an unreasonable time, with no further preparation than what we have herein indicated, and for which reason it is now ordered and directed that petitioner, who has the burden of proof, as we now determine, may have until January 10, 1942, to take and file depositions in support of the charges made in his petition and if not done by that day it will be dismissed. However, if his proof should be taken as so prescribed, then respondent will have until January 25, 1942, in which to take his proof in the same manner, followed by its filing in this court, after which the case will be submitted and disposed of.

Wherefore, the motion of petitioner to strike from the record the affidavits set out therein is sustained.